Catron, J.
delivered the opinion of the court.
King was guardian to Eliza Jenkins; the county court removed him and appointed Vaughan. The latter filed his petition, pursuant to the 23 sec. of the act of 1762, ch. 5, bringing King to an account before the county court of Montgomery, and to obtain the monies of the ward in his hands. A regular decree was had for 276 dollars. King took no appeal, but when the execution issued against him, he filed his bill in equity in the circuit court, enjoining the decree in the county court, alleging, that the decree of that court was for $72 too much, and so entered by mistake. The ward, and guardian, Vaughan answered the bill, denying the mistake. Depositions were taken and the cause heard: the circuit court corrected the mistake, supposed to have been proved, and gave relief for the $72, by decree, from which the defendants in equity appealed to this court.
The bill is filed merely to correct a mistake, alleged to have been committed in entering up a decree on a proceeding, of which the county court had jurisdiction; it does not seek to reinvestigate the accounts between the former guardian and his ward, but to establish by parol proof, that the decree of the county court was entered for a larger sum than the court intended it should be entered for.
The proceeding in the county court was neither strictly legal nor equitable in its nature, but partaking of the character of both; this matters nothing — its effect is the same. In personal actions, concerning debts, goods, and chattels, a recovery or bar in one action is a bar in another, and there is an end of the controversy. 8 Rep. preface: 3 Wils. 304: Swift’s. Ev. 11: 3 East’s R. 351, Estell vs. Taul, 4 Yerg. 469.
This court has often holden, and nothing is better settled than that “a party will not be aided by a court of chancery after a trial at law, unless he can impeach the *61 justice of the verdict on grounds which he could not have availed himself of at law, or was prevented Irom doing it by fraud or accident, or the act of the opposite party unmixed with negligence or fault on his part.” 3 Yerg. 99, 127. In the causes reported by Yerger, the defendants answered the bills, took proof and went to a hearing, yet the court held, that the matter having been tried at law, equity could assume no jurisdiction to reverse the judgments at law: courts of equity cannot act as courts of error, but must proceed upon grounds of jurisdiction, original in their character, and not as revising tribunals. Were this allowed and jurisdiction assumed to adjudge upon matters that had been heard, -or might have been heard and determined in a court of concurrent jurisdiction, (as the county court was in this instance,) because die complainant failed in his cause, or did not see proper to bring forward his whole cause, litigation would be endless, as was holden in Peeler vs. Norris, 4 Yerg. 337.
King could have availed himself in the county court of the grounds of relief he sets forth in his bill. If a mistake was committed in entering up the decree, for too much, he could have applied to the court and had it corrected, or appealed, or taken up the cause to the circuit court, by certiorari, if defeated of his appeal: of every ground on which relief is sought, the complainant could have availed himself by the ordinary remedy, and by ordinary diligence — having failed to do so, he is concluded by the judgment of the coimty court, and cannot be heard in chancery. The same cause cannot be twice tried, as an original cause; a court of equity must proceed on original jurisdiction; having none in this case, power was wanting to enter the decree made by the circuit court. In such cases, objections to the jurisdiction may be made at any time, notwithstanding the defendant has answered and gone on to a hearing. It is not like a case, where a bill seeks to litigate a matter, where it is very doubtful if it be not of exclusive legal cognizance. There the court *62 will not be astute to inquire or search for grounds to dismiss the bill oí the parties, on the pleadings and proof, where the parties have come to a final hearing on the facts. But the matter having been tried by a court of competent jurisdiction, it is concluded, and another tribunal has no power to rehear it; public policy forbids the second tribunal to act, independan! of the conduct of the parties to the cause, grounded on the maxim, that there must be an end to litigation. The controversy being closed by the judgment, the record is conclusive, and estops the court from contradicting it by another decree, unless the judgment be set aside for fraud in obtaining it, or because the matter of defence could not be heard at law, and, in fact, the controversy had not been, and could not be tried at law. Here there was no attempt to set aside the judgment of the county court, but the complainant asked to have it reformed, and it was so done. . A re-examination of the accounts was not had in the circuit court, on hearing of the bill, but parol proof heard to show the county court intended to decree seventy-two dollars less than the record shows was decreed. Such evidence was unprecedented and inadmissable; it directly contradicted a record. No proof could be heard to sustain the bill, which we order to be dismissed, at the cost .of the complainant, here, and in the court below.
Decree reversed.